UNITED STATES BANKRUPTCY COURT
DISTIRCT OF NEW MEXICO

In re:

TANNER STEVEN CRAWFORD
and TILLIE MARIE CRAWFORD,

No. 09-14645-j7

Debtors.

## **MEMORANDUM OPINION**

This matter is before the Court on an Order to Show Cause Why Case Should Not Be Dismissed for Failure to Comply With Credit Counseling Requirements, entered October 14, 2009 (Docket No. 8). On October 30, 2009, a final hearing was held on the Order to Show Cause.[1] On November 9, 2009, Tanner Steven Crawford and Tillie Marie Crawford (together, the "Debtors"), by counsel, filed a Response to Order to Show Cause (Docket No. 14) setting forth the facts and making legal argument. For purposes of this opinion, the Court will regard all facts recited in the Response as true.

For the reasons set forth below, the Court will dismiss this bankruptcy case.

BACKGROUND

The Debtors filed a case under chapter 7 of the Bankruptcy Code on October 13, 2009 (the "Petition Date"). Since Debtors first visited the office of their bankruptcy counsel ("Counsel") on August 14, 2007, they have had numerous discussions with Counsel and/or his office staff, both in person and over the telephone, regarding their financial situation. Prior to commencing their chapter 7 case, Debtors were advised by Counsel and were aware of the consequences of filing a bankruptcy case and their alternatives to filing a chapter 7 case, including whether bankruptcy was the best option for them to resolve their situation, the

---

[1] The Clerk of Court caused the Order to Show Cause to be entered in accordance with local practice under which the Clerk's staff audits files and issues orders to show cause on behalf of the Court when the pre-petition credit counseling requirement appears not to have been met.

potentially devastating effect a bankruptcy filing could have on their credit rating, and how long the bankruptcy would be reported on their credit record. It was not an easy choice or overnight decision for the Debtors to file a chapter 7 bankruptcy case, as evidenced in part by the delay between the time Debtors first visited Counsel and the time they commenced their Chapter 7 case.

On April 15, 2009, 181 days prior to the Petition Date, Debtors completed a credit counseling course on the internet from an approved credit counseling agency. The mistake in not filing the chapter 7 case within 180 days after Debtors completed the credit counseling course, or in not retaking the course pre-petition with the 180-day period, was due to Counsel's mistake and not the mistake of the Debtors. Counsel computed the time period as a six month period instead of a 180-day period. The Chapter 7 case was filed within six months after Debtors completed the credit counseling course.

After the Order to Show Cause was entered on October 14, 2009, Counsel and the Debtors immediately attempted to correct the error. Debtors again took the credit counseling course from an approved credit counseling agency on October 17, 2009, four days after the Petition Date; obtained new credit counseling certificates indicating they had retaken the credit counseling course on October 17, 2009; and filed the new credit counseling certificates with the Court on October 19, 2009 (Docket No. 12). A debt repayment plan was not prepared in either credit counseling session. Counsel has offered to be fined if fining Counsel would avoid dismissal of the Chapter 7 case.

Debtors reside in New Mexico. Their schedules reflect total liabilities in the amount of $118,323.88, and total assets in the amount of $13,385.00. The largest single scheduled liability is in the amount of $62,000, representing a deficiency owed to a lender following foreclosure of

the Debtors' former residence. In Schedule C, Debtors claim exemptions under 11 U.S.C. § 522(d). The Debtors have two minor children. The Debtors' schedules reflect combined gross monthly income in the amount of $2,405.00, which is just above the 2008 median family income for families of four in New Mexico. The first meeting of creditors in Debtors' case was held November 18, 2009. The chapter 7 trustee concluded the meeting and issued a report of no distribution. (See docket entry dated November 18, 2009).

Debtors ask the Court to exercise judicial discretion to allow their bankruptcy case to proceed. Creditors would not be prejudiced if the case were permitted to proceed notwithstanding Debtors' failure to take the credit counseling course timely.

## ISSUE

The issue presented to the Court is whether the Court has discretion to waive the 180-day pre-petition credit counseling requirement where (i) none of the statutory exceptions apply to the requirement under 11 U.S.C. § 109(h)(1) that Debtors take the credit counseling course within 180 days prior to their commencement of their voluntary chapter 7 case; and (ii) where Debtors took the credit counseling course 181 days before the Petition Date, took the course again four days after the Petition Date and promptly after the deficiency was brought to their attention, were counseled extensively by their counsel pre-petition about the consequences of filing a bankruptcy case and the alternatives, and acted innocently in reliance on counsel. Under these circumstances, the Court would be inclined to waive the credit counseling requirement for the Debtors, extend the deadline either backwards or forwards so that the credit counseling would be considered timely, or otherwise permit the Debtors to obtain chapter 7 relief including a discharge and allowance of their claims of federal exemptions, provided the relevant Code sections leave the Court with sufficient discretion to effectuate that result.

-3-

DISCUSSION

Congress amended 11 U.S.C. § 109(h)(1) for individual debtor bankruptcy cases filed on or after October 17, 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") to provide:

> Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency. . . an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

Paragraph (2), (3) and (4) of Section 109(h) set forth exceptions to the credit counseling requirement of paragraph (1) by either waiving the requirement or permitting the requirement to be satisfied post-petition.[2] None of those exceptions apply to the Debtors. If a debtor does not satisfy the credit counseling requirement, and none of the exceptions to the requirement apply, the Bankruptcy Code does not expressly state whether dismissal of the case, or some other remedy, is required or appropriate as a consequence of the failure to satisfy the requirement. The Code's silence regarding the consequence for failing to comply with the pre-petition credit counseling requirement contrasts with other sections in the Bankruptcy Code that expressly

---

[2] Paragraph (2) of Section 109(h) provides that the credit counseling requirement does not apply if the debtor resides in a district in which no approved crediting counseling is reasonably available to the debtor.

Paragraph (3) of Section 109(h) permits a debtor to take the credit counseling course up to a period not to exceed 30 days after the debtor filed the bankruptcy petition, or not to exceed a total of 45 days after the debtor filed the bankruptcy petition if the 30-day period is extended for cause, if the debtor submits to the court a certification that (i) describes exigent circumstances that merit a waiver of the requirement to complete credit counseling within 180 days prior to the debtor's filing of the petition; (ii) states that the debtor requested credit counseling services from an approved credit counseling agency but was unable to obtain the services within 5 day after the debtor made the request; and (iii) is satisfactory to the court.

Paragraph (4) of Section 109(h), although not referenced in paragraph (1), provides that the requirements of paragraph (1) shall not apply with respect to a debtor who is unable to complete credit counsel requirements because of incapacity, disability, or active military duty in a military combat zone.

-4-

provide for permissive, automatic, or mandated dismissal of an individual debtor bankruptcy case.[3]

Harsh consequences can result from dismissal of a bankruptcy case as a result of a debtor's noncompliance with the credit counseling requirement of 11 U.S.C. §109(h). For example, should the debtor choose to file another case within a year after dismissal of the case, the debtor would face the hurdle of overcoming loss of protection of the automatic stay.[4] A re-filing debtor also would be subjected to an adverse credit rating due to successive case filings, be forced to pay another filing fee,[5] and likely incur additional attorneys' fees to prepare a new case for filing and to seek protection of the automatic stay.

Judicial Approaches to Whether Dismissal is Mandated
if the Credit Counseling Requirement is Not Met.

In light of the harsh consequences to a debtor from dismissal of a bankruptcy case for failure to comply with the credit counseling requirement of 11 U.S.C. §109(h), the lack of any provision in the Bankruptcy Code expressly specifying the consequence of failing to comply with the credit counseling requirement in contrast to the specific dismissal requirements contained elsewhere in the Bankruptcy Code, and the language of 11 U.S.C. § 109(h) itself,

---

[3] *See, e.g.,* 11 U.S.C. § 521(i)(providing for automatic dismissal on the 46th day in the event the debtor fails to timely file the required documents listed in §521(a)(1)); 11 U.S.C. §707(a) (permitting the court to dismiss a debtor's chapter 7 proceeding upon a finding of cause); 11 U.S.C. § 707(b); 11 U.S.C. § 1112(b)(mandating dismissal or conversion upon a showing of cause); 11 U.S.C. § 1208; and 11 U.S.C. § 1307.

[4] If the debtor refiles a bankruptcy case within a year after dismissal of a prior case, the stay expires 30 days after the case is refiled unless the debtor timely seeks and obtains an order continuing the automatic stay after overcoming by clear and convincing evidence a presumption that the later case that it was not filed in good faith. 11 U.S.C. § 362(c)(3). A debtor who refiles a bankruptcy case within a year after having two or more bankruptcy cases dismissed has no protection of the automatic stay in the refiled case unless and until the debtor obtains an order continuing the automatic stay after overcoming by clear and convincing evidence a presumption that the later case was not filed in good faith. 11 U.S.C. § 362(c)(4).

[5] The fee for filing a bankruptcy case is $299 for chapter 7, $1,039 for chapter 11, $239 for chapter 12, and $274 for chapter 13.

courts have taken at least three different approaches in considering whether dismissal is mandated if the pre-petition credit counseling requirement is not met.

Some courts, particularly those issuing opinions within the first few years after enactment of BAPCPA, considered the bankruptcy case a nullity, or at least not a pending case for purposes of 11 U.S.C. §§ 362(c) and (4), if the debtor failed to comply with the credit counseling requirement of 11 U.S.C. §109(h), and struck the petition so a new case filed by the debtor would not be treated as a subsequently filed case.[6] Courts fashioned this result by reasoning that failure to comply with the requirements of Section 109(h) precludes the commencement of a bankruptcy case. They reasoned further that because no case was commenced there was no case to dismiss; thus, striking the petition and annulling the stay was the proper remedy.

The majority of courts considering the issue have found that dismissal of the case is mandatory if the debtor failed to comply with the credit counseling requirement of 11 U.S.C. §109(h).[7] These courts typically find that the plain meaning of 11 U.S.C. §109(h) leaves no room for the exercise of judicial discretion to allow the bankruptcy case to proceed.

A third approach finds judicial discretion to waive the credit counseling require of 11 U.S. §109(h) in appropriate circumstances. These courts begin by determining that §109(h) is

---

[6] *E.g. Wyttenbach v. C.I.R.*, 382 B.R. 726, 730 (S.D. Tex. 2008); *In re Elmendorf*, 345 B.R. 486, 504 (Bankr.S.D.N.Y.2006); *In re Thompson*, 344 B.R. 899, 908 (Bankr.S.D.Ind.2006); *In re Carey*, 341 B.R. 798, 804 (Bankr.M.D.Fla.2006); *In re Rios*, 336 B.R. 177, 180 (Bankr.S.D.N.Y.2005); *In re Salazar*, 339 B.R. 622, 632-33 (Bankr.S.D.Tx.2006); *In re Valdez,* 335 B.R. 801, 803-04 (Bankr.S.D.Fla.2005); *In re Hubbard*, 333 B.R. 377, 388 (Bankr.S.D.Tex.2005).

[7] *E.g. In re Hedquist*, 342 B.R. 295, 300-01 (8th Cir.BAP 2006); *In re Lochner*, 2009 WL 3448433, *1 (Bankr. N.D. Iowa 2009); *In re Bain*, 2008 WL 2570831, *2 (Bankr.E.D.Va.2008) (dismissal is mandatory unless not dismissing is necessary to prevent an abuse of the bankruptcy system) ; *Ire Ruckdaschel*, 364 B.R. 724, 734 (Bankr.D.Idaho 2007); *In re Hailemichael,* 2007 WL 3025036, *1-2 (Bankr.E.D.Va. 2007); *In re Dyer*, 381 B.R. 200, 206 (Bankr.W.D.N.C.2007); *Clippard v. Bass*, 365 B.R. 131 (W.D.Tenn. 2007); *In re Giles*, 361 B.R. 212, 215 (Bankr.D.Utah 2007); *In re Williams*, 359 B.R. 590, 591 (Bankr.E.D.N.C.2007);*In re Jones*, 352 B.R. 813, 816 (Bankr.S.D.Tex.2006); In re Racette, 343 B.R. 200, 202 (Bankr.E.D.Wis.2006); *In re Mills*, 341 B.R. 106, 109 (Bankr.D.D.C.2006); *In re Brown*, 342 B.R. 248, 255 (Bankr.D.Md.2006); *In re Sea*man, 340 B.R. 698, 706 (Bankr.E.D.N.Y.2006); *In re Wallace*, 338 B.R. 399, 401 (Bankr.E.D.Ark.2006); *In re Cleaver*, 333 B.R. 430, 436 (Bankr.S.D.Ohio 2005).

not a jurisdictional requirement.[8] They conclude that the court may exercise discretion not to dismiss a debtor's case in light of the harsh result of dismissal, the underlying purpose of the statutory provision, the Code's lack of a specified remedy for violating the provision; and other provisions of title 11. These courts then exercise their discretion and take into consideration the facts and circumstances surrounding the debtor's failure to comply with the pre-petition credit counseling requirement in order to decide whether to allow the case to proceed.[9]

<u>Failure to Comply with the Requirements of 11 U.S.C. § 109(h) Requires Dismissal.</u>

After careful consideration of the different approaches courts have taken in applying 11 U.S.C. § 109(h), the Court finds that where there is no evidence to suggest that a debtor is purposely manipulating the bankruptcy system in order to avoid the trustee's administration of estate assets, a debtor's failure to comply with the pre-petition counseling requirements within the time frame clearly defined in 11 U.S.C. § 109(h) mandates dismissal of the debtor's voluntary chapter 7 case.[10] This conclusion is consistent with the plain language of the statute, the legislative history concerning its enactment, and the language and design of the Code as a whole.[11]

---

[8] For the reasons set forth in *In re Manalad*, 360 B.R. 288, 296 (Bankr.C.D.Cal.2007), this Court agrees that failure of a debtor to comply with 11 U.S.C. §109(h) does not deprive the Court of jurisdiction over the case.

[9] E.*g*. *In re Mattingly, 2008 WL 2559387, *1* (Bkrtcy.D.Mass.,2008) (court may waive the credit counseling requirement where debtor's case has been fully administered and is ripe for discharge, no prejudice would ensue from allowing the case to proceed); *In re Henderson,* 364 B.R. 906 (Bankr. N.D. Tex 2007) (follows *Hess*, but applies an exceptional circumstances test); *In re Nichols*, 362 B.R. 88, 96 (Bankr. S.D.N.Y. 2007) (follows *Hess*); *In re Manalad*, 360 B.R. 288, 296 (Bankr.C.D.Cal.2007) (Congress by not mandating dismissal as the consequence for failing to comply with the credit counseling requirements gave the courts discretion to fashion an appropriate remedy); *In re Hess*, 347 B.R. 489 (Bankr.D.Vt.2006) (court has discretion whether to dismiss a case when the debtor fails to meet the eligibility requirement of §109(h) to prevent manifest injustice; applies a totality of circumstances test).

[10] The Court is not addressing in this opinion cases in which an involuntary case was commenced against a debtor, or in which the debtor seeks to use 11 U.S.C. § 109(h) in support of case dismissal. *See In re Parker*, 351 B.R. 790, 798-99 (Bankr.N.D.Ga.2006) (judicial estoppel applied to deny dismissal).

[11] *See K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1998)("In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole."). *See also Corley v. U.S*., __, U.S. __, 1267 n. 15, 129 S.Ct. 1558, 1566 n. 15, 173 L.Ed.2d 443 (2009) (A statute should be read as a whole. What may at first appear to be the plain meaning when

Under 11 U.S.C. § 109(h), "an individual may not be a debtor under this title" unless the debtor has received credit counseling "during the 180-day period preceding the date of filing of the petition." 11 U.S.C. § 109(h). Exceptions to this requirement are limited, few and specified by 11 U.S.C. §109(h),[12] and none of the exceptions are applicable to the Debtors here. The language contained 11 U.S.C. §109(h) is clear, and "[w]hen that language is clear, it is controlling absent exceptional circumstances." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242 (1989).

In the case of an individual, 11 U.S.C. §101(12A) defines "debtor" to mean an individual "concerning which a case under this title has been commenced." 11 U.S.C. §301(a) provides "a voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter." Unless and until the case is dismissed, the individual commencing the case remains a debtor. Since Section 109(h) provides that an individual who does not comply with that section "may not be a debtor under this title," the only way to give meaning to 11 U.S.C. § 109(h) is to dismiss the case or treat it as though it never existed. Allowing this case to proceed would be inconsistent with the plain meaning of Section 109(h).[13]

The legislative history of 11 U.S.C. §109(h) is not plainly at odds with mandated dismissal in the circumstances of this case. The legislative history indicates that

---

a portion of the statute is read in isolation may appear otherwise when the provision is read in the context of the entire statute).

[12] *See* 11 U.S.C. § 109(h)(2) (providing that the credit counseling requirement does not apply if the debtor resides in a district in which no approved credit counseling is reasonably able to provide adequate services); 11 U.S.C. § 109(h)(3)(exigent circumstances prevented the debtor from obtaining the pre-petition counseling); 11 U.S.C. § 109(h)(4) (providing for a waiver of the credit counseling requirement upon a finding of disability, incapacity, or active military service in a military combat zone).

[13] The Court does not believe striking the petition, annulling the stay, and treating this case as though it never was filed is an appropriate remedy. The case was filed, a bankruptcy estate was created, and the Court had jurisdiction to act during the pendancy of the case. While the Bankruptcy Code does expressly provide for dismissing cases in appropriate circumstances, the Bankruptcy Code does not provide for striking a bankruptcy petition and treating the case as if it had not been filed.

Congress intended that debtors must comply with Section 109(h) before they can be eligible for bankruptcy relief.[14] The legislative history of 11 U.S.C. § 109(h) further suggests that the purpose of the credit counseling requirement is twofold: 1) it protects creditors by establishing a new eligibility requirement, and 2) it protects individual consumer debtors by requiring them to receive credit counseling before they are eligible for bankruptcy relief so they will make an informed choice about bankruptcy, its alternatives, and its consequences, and be aware of the devastating effect it can have on their credit rating.[15] To achieve these purposes, with limited exceptions not applicable here, Congress chose to require pre-petition credit counseling and to create a bright line mechanical test to measure compliance with the requirement.

In the Debtors' case, because they failed to take the credit counseling course within the 180-day period preceding the date of the filing of the petition, they have not satisfied the requirements of 11 U.S.C. § 109(h) and, consequently, are ineligible to be chapter 7 debtors and obtain a discharge.[16] It serves no useful purpose to allow the case to proceed while depriving the Debtors of bankruptcy relief in the form of a discharge. Dismissal, although a harsh remedy under the circumstances of this case, allows the Debtors to file another chapter 7 case to obtain the bankruptcy relief they need.

---

[14] [11 U.S.C. §109(h)] requires debtors to receive credit counseling before they can be eligible for bankruptcy relief so that they will make an informed choice about bankruptcy, its alternatives, and consequences." H.R. REP. 109-31(I), 89, 2005 WL 832198, *1.

[15] The legislative history refers to the new credit counseling requirement as designed both to protect the interests of creditors by "establish[ing] new eligibility standards for consumer bankruptcy relief. . . ," ." H.R. REP. 109-31(I), 89, 2005 WL 832198, *1, and protecting consumers by requiring "debtors to receive credit counseling before they can be eligible for bankruptcy relief so that they will make an informed choice about bankruptcy, its alternatives, and consequences." *Id.* "The legislation's credit counseling provisions are intended to give consumers in financial distress an opportunity to learn about the consequences of bankruptcy–such as the potentially devastating effect it can have on their credit rating–before they decide to file for bankruptcy relief. . . ." H.R. REP. 109-31(I), 104, 2005 WL 832198, *81.

[16] Only a debtor may obtain a chapter 7 discharge. 11 U.S.C. §727(a).

The Court does not believe that a literal application of 11 U.S.C. 109(h) produces a result demonstrably at odds with the intentions of its drafters, nor an absurd result.[17] If any bright temporal line is to be drawn, it necessarily will include an element of arbitrariness. Congress could as well have chosen 181 days or 179. The fact that bright lines are drawn and mechanically applied, and that harsh results can ensue to those just inside or outside of the line but not to those on just the other side of the line, does not necessarily mean the results are absurd or plainly at variance with the policy of the legislative body enacting the statute.[18]

Even though the Court concludes that it must dismiss the Debtors' case because of their failure to comply with the requirements of 11 U.S.C. § 109(h), the Court does have discretion to mitigate the harsh consequences to Debtors of dismissal, and will exercise that discretion here. Debtors have acted in good faith, missed the pre-petition period for completing the credit counsel course by only one day, and relied in good faith on Counsel. Counsel for the Debtors will be directed to return the filing fee to Debtors. If Debtors choose within 90 days after dismissal to engage Counsel to file another Chapter 7 bankruptcy case, Counsel will not charge Debtors for preparing the new case for filing, preparing the documents the Debtors are required to file under 11 U.S.C. §521, representing the Debtors at the §341(a) meeting, and seeking continuation of the

---

[17] "[In] rare cases the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters, and those intentions must be controlling." *Florida Dept. of Revenue v. Piccadilly Cafeterias, Inc.,* 128 S.Ct. 2326, 2327 (2008). A court is permitted to depart from a literal reading of a statute in appropriate circumstances when the result required by the plain meaning of the statute is absurd. *Lamie v. United States Trustee,* 540 U.S. 526, 535, 124 S.Ct. 1023, 1030, 157 L.Ed.2d 1024 (2004); *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000); *Perry v. Commerce Loan Co.,* 86 S.Ct. 852, 383 U.S. 392, 399, 15 L.Ed. 2d 827 (1966).

[18] There are other examples in the Bankruptcy Code where Congress has drawn bight lines to be mechanically applied setting periods measured backwards from the commencement of a bankruptcy case, such as the 20-day period under 11 U.S.C. § 503(b)(9) for protection of vendors of goods and the 90-day period under 11 U.S.C. § 547(b)(4)(a) as the transfer period applicable to preferential transfer claims against non-insiders.

automatic stay under §363(c)(3).[19] This Court would also favorably regard a request by Debtors for a waiver of the filing fee in the refiled case, provided that Debtors are eligible for a waiver.

For the reasons stated above, the Court will dismiss this chapter 7 case. The Court notes that Counsel has acted diligently and appropriately in this case after learning of his mistake. Counsel promptly advised the Debtors to retake the credit counseling course, resisted dismissal on behalf of the Debtors, and offered to be fined if that would avoid the need for dismissal. Unfortunately, these sympathetic circumstances do not prevent dismissal.

This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law under Rule 7052, Fed.R.Bankr.P. An appropriate order will be entered.

                                                      ROBERT H. JACOBVITZ
                                                      United States Bankruptcy Judge

Date entered on docket: December 14, 2009

COPY TO:

**R Trey Arvizu, III**
PO Box 1479
Las Cruces, NM 88004-1479
Attorney for Debtors.

**Linda S. Bloom**
Chapter 7 Trustee
PO Box 218
Albuquerque, NM 87103-0218

---

[19] In the circumstances present here, it would not appear to be difficult for the Debtors in a promptly refiled case to obtain a continuation of the stay if the Debtors timely comply with the requirements of §363(c)(3).

**United States Trustee**
PO Box 608
Albuquerque, NM 87103-0608